**RECEIVED**

# MOTION UNDER 28 U.S.C. § 2255
## FOR FEDERAL PRISONERS
(Persons Sentenced in the District of Montana Only)

JUL 1 2 2013

CLERK, U.S. DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS, MONTANA

### In the United States District Court for the District of Montana

__BILLINGS__ Division

| Name of Defendant/Movant: | Prisoner No.: |
|---|---|
| LASHAWN JERMAINE JOHNSON | 41481-048 |
| vs. | |
| United States of America | |

| Place of Confinement: | Case No. CR: |
|---|---|
| FCI/MENDOTA<br>P.O. BOX 9<br>Mendota, CA. 93640 | CR-06-079-BLG-JDS |

*Instructions – Read Carefully*

1. Use this form to challenge a conviction or sentence entered in the United States District Court for the District of Montana. There is no filing fee. You need not apply to proceed in forma pauperis to file this motion.

2. Your motion must be legibly handwritten or typed. You must tell the truth and sign the form. If you falsely state a material fact, you may be prosecuted for perjury and/or your motion may be dismissed. *Answer all the questions.* You are not necessarily required to answer "yes" to all questions in order to proceed.

3. Use additional pages if necessary to state grounds for relief and/or facts you rely on to support relief. No brief or authorities need be furnished. If you choose to submit a brief, please file it with your motion, but make it a separate document.

4. If you challenge more than one judgment, please file a separate motion as to each.

5. The Court may determine your claims based solely on what is in this motion. You must include in the motion all grounds for relief you want the Court to review and all facts supporting such grounds for relief. If you do not set forth all grounds in this motion, you may be barred from presenting additional grounds later. 28 U.S.C. §§ 2244(a), (b), 2255(f), (h).

6. When you complete your motion, mail the *original* (no copies required) to the United States District Court Clerk in the Division where you were convicted:

| | |
|---|---|
| <u>Billings Division</u>: | Clerk of U.S. District Court, 2601 2nd Ave. North, Suite 1200, Billings, MT 59101 |
| <u>Butte Division</u>: | Clerk of U.S. District Court, Mike Mansfield Courthouse, 400 N. Main, Butte, MT 59701 |
| <u>Great Falls Division</u>: | Clerk of U.S. District Court, Missouri River Courthouse, 125 Central Ave. West, Great Falls, MT 59404 |
| <u>Helena Division</u>: | Clerk of U.S. District Court, Paul G. Hatfield Courthouse, 901 Front St., Ste. 2100, Helena, MT 59626 |
| <u>Missoula Division</u>: | Clerk of U.S. District Court, Russell Smith Courthouse, 201 East Broadway, P.O. Box 8537, Missoula, MT 59807 |

## MOTION TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE
## 28 U.S.C. § 2255

1. What were you convicted of? Count 1: 21 USC § 846 ; Count 2: 21 USC § 841 ; Count 3 21 USC § 841 ; Count 7: 21 USC § 841 ; Count 8 USC § 924(c).

2. Have you previously filed or have you ever been deemed to have filed a motion under § 2255 in this case?

   Yes ☐
   No  ☒

*Defendant-Movant's Last Name* __JOHNSON__

*Motion 28 U.S.C. § 2255*
*Page 2 of 6*

(a) If Yes, have you received authorization from the Ninth Circuit Court of Appeals to file a second or successive motion?

Yes ☐
No ☐

(b) Date authorization received:

(c) Ninth Circuit case number:

(d) Please attach a copy of the Ninth Circuit's order.

3. Have you previously filed in a federal court a petition for writ of habeas corpus relating to the sentence you challenge in this motion?

Yes ☐
No ☒

(a) If Yes, date filed:

(b) Name of court where petition was filed and case number:

(c) Grounds raised:

(d) Court's decision and date:

4. Have you previously filed with the Bureau of Prisons any request or grievance related to the execution of the sentence you challenge in this motion?

Yes ☐
No ☒

(a) If Yes, nature of your request or grievance:

(b) Grounds raised:

*Defendant-Movant's Last Name* __JOHNSON__

*Motion 28 U.S.C. § 2255*
*Page 3 of 6*

(c)   Result, date of decision, and job title of the person who made the decision:

5. State each ground on which you claim that you are being held unlawfully (*e.g.*, Ground One: Confrontation Clause violation). Briefly summarize the facts supporting each ground and answer the questions following:

A. Ground One: PETITIONER WAS DENIED REASONABLE ACCESS TO DISCOVERY CREATING A CONSTITUTIONAL DUE PROCESS/RIGHT TO CONFRONTATION VIOLATION.

   (i) Supporting Facts: SEE ATTACHED SUPPLEMENTAL BRIEF/MEMORANDUM OF LAW

   (ii)   Did you raise this ground for relief in your direct appeal?

   Yes  ☐
   No   ☒

   If Yes, why shouldn't this Court follow the Court of Appeals' decision?
   Not applicable, not raised on appeal.

   If No, why didn't you raise this ground for relief in your direct appeal?
   This was not raised due to the ineffectiveness of appellate counsel

B. Ground Two: UNDERCOVER BUYS OF NARCOTICS IN APRIL 2005 ARE NOT CREDIBLE AND ANY EVIDENCE OBTAINED MUST BE REJECTED AS INADMISSIBLE

   (i) Supporting Facts: SEE ATTACHED SUPPLEMENTAL BRIEF/MEMORANDUM OF LAW.

    (ii)    Did you raise this ground for relief in your direct appeal?

        Yes  ☐
        No   ☒

If Yes, why shouldn't this Court follow the Court of Appeals' decision?
Not Applicable, not raised on direct appeal.

If No, why didn't you raise this ground for relief in your direct appeal?
This was not raised due to ineffective assistance of counsel on appeal. SEE: Issue Number One.

C. Ground Three: LACK OF A VALID AUTHENTICATED "CHAIN OF EVIDENCE" FOR THE DRUGS SEIZED RENDERS THE EVIDENCE USELESS AS PROVEN BY THE DISCREPANCY IN DRUG AMOUNT OF GEVERNMENT EXHIBIT # 600.
(i) Supporting Facts:
SEE ATTACHED SUPPLEMENTAL BRIEF/MEMORANDUM OF LAW.

    (ii)    Did you raise this ground for relief in your direct appeal?

        Yes  ☐
        No   ☒

If Yes, why shouldn't this Court follow the Court of Appeals' decision?
Not Applicable, not raised on direct appeal.

If No, why didn't you raise this ground for relief in your direct appeal?
This was not raised due to ineffective assistance of counsel on appeal.

*Please state any additional grounds for relief by attaching pages,*

D. Ground Four: INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.

 (1) Supporting Facts:

  SEE ATTACHED SUPPLEMENTAL BRIEF/MEMORANDUM OF LAW.

 (2) Did you raise this ground for relief in your direct appeal?

  Reply: NO.

 IF yes, why shouldn't this Court follow the Court of Appeals' decision?

  Not applicable, nto raised on direct appeal.

 If NO, why didn't you raise this ground for relief in your direct appeal?

  Reply: per Supreme Court, § 2255 is the appropriate venu for IAC.

E. Ground five INEFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL.

 (1) Supporting Facts:

 SEE ATTACHED SUPPLEMENTAL BRIEF/MEMORANDUM OF LAW.

 (2) Did you raise this ground for relief in your direct appeal?

  Reply: NO

 If Yes, why shouldn't this Court follow the Court of Appeals decision?

  Not applicable, self-explanatory.

 If No, why didn't you raise this ground for relief in your direct appeal?

  Reply: Not applicable, self-explanatory.

F. Ground Six: VIOLATION OF THE TENTH AMENDMENT OF THE CONSTITUTION.

 (1) Supporting Facts:

  SEE ATTACHED SUPPLEMENTAL BRIEF/MEMORANDUM OF LAW.

 (2) Did you raise this ground for relief in your direct appeal?

  Reply: NO.

 If Yes, why shouldn't this Court follow the Court of Appeals decision?

  Reply: Not applicable, not raised in direct appeal.

 If No, why didn't you raise this ground for relief in your direct appeal?

  Reply: Due to my appointed counsel's lack of knowledge of teh <u>BOND</u> case cited in my supplemental brief.

G. Ground Seven: THE GOVERNMENT VIOLATED THE DUE-PROCESS PROVISIONS OF THE FIFTH AND FOURTEENTH AMENDMENTS BY ALLOWING THE JURY TO SEE THE DEFENDANT IN HANDCUFFS AND SHACKLES DURING TRIAL.

(1) Supporting Facts:
SEE ATTACHED SUPPLEMENTAL BRIEF/MEMORANDUM OF LAW

(2) Did you raise this ground for relief in your direct appeal?
Reply: No.

If Yes, why shouldn't this Court follow the Court of Appeals decision?
Not applicable, not raised on direct appeal.

If No, why didn't you raise this ground for relief in your direct appeal?
Reply: This was not raised dut to a violation of the Petitioners due-process rights under Brady v. Maryland.

H. Ground Eight: INEFFECTIVE ASSISTANCE OF COUNSEL AT PLEADING.

(1) Supporting Facts:
SEE ATTACHED SUPPLEMENTAL BRIEF/MEMORANDUM OF LAW.

(2) Did you raise this ground for relief in your direct appeal?
Reply: No.

If yes, why shouldn't this Court follow the Court of Appeals' decision?
Reply: Not applicable, not raised on direct appeal.

If No, why didn't you raise this ground for relief in your direct appeal?
Reply: This was not raised on appeal due to ineffective assistance of counsel during direct appeal.

I. Ground Nine: INEFFECTIVE ASSISTANCE OF COUNSEL AT RESENTENCING.

  (1) Supporting Facts:

   SEE ATTACHED SUPPLEMENTAL BRIEF/MEMORANDUM OF LAW.

  (2) Did you raise this ground for relief in your direct appeal?

   Reply: No.

  If Yes, why shouldn't this Court follow the Court of Appeals' decision?

   Not applicable, not raised on direct appeal.

  If No, why didn't you raise this ground for relief in your direct appeal?

   Reply: This was not raised on direct due to ineffective assistance of counsel during direct appeal.

J. Ground Ten: INEFFECTIVE ASSISTANCE OF COUNSEL AS TO 3582 (c) (2) MOTION UNDER TEH FAIR SENTENCING ACT.

  (1) Supporting Facts:

   SEE ATTACHED SUPPLEMENTAL BRIEF/MEMORANDUM OF LAW.

  (2) Did you raise this ground for relief in your direct appeal?

   Reply: No.

  If Yes, why shouldn't this Court follow the Court of Appeals' decision?

   Reply: Not applicable, not raised on direct appeal.

  If No, why didn't you raise this ground for relief in your direct appeal?

   Reply: This ground was not raised on appeal due to ineffective assistance of counsel during the direct appeal.

K. Ground Eleven: THE GOVERNMENT VIOLATED TEH DUE-PROCESS PROVISIONS
OF THE FIFTH AND FOURTEENTH AMENDMENTS BY WITHHOLDING
EVIDENCE.

(1) Supporting Facts:

SEE ATTACHED SUPPLEMENTAL BRIEF/MEMORANDUM OF LAW.

(2) did you raise this ground for relief in your direct appeal?

Reply: No.

If Yes, why shouldn't this Court follow teh Court of Appeals decision?

Reply: Not applicable, not raised on direct appeal.

If No, why didn't you raise this ground for relief in your direct appeal?

Reply: This was not raised due to a violation of the Petitioners due-process rights under Brady v. Maryland.

*following the format of questions (i)-(ii) as above.*

6.  Defendant/Movant asks the Court to grant the following relief:

and/or any other relief to which Defendant/Movant may be entitled.

Not Applicable<br>Signature of Attorney (if any)

## Movant's Declaration

A.  I am the Defendant/Movant in this action, and I understand that submission of a false statement or false answer to any question may subject me to penalties for perjury. I declare under penalty of perjury that I have read this Motion and that the information contained in the Motion is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

B.  I will keep the Court informed of my current mailing address. I understand that failure to do so may result in dismissal of this Motion without actual notice to me.

C.  *Incarcerated Prisoners Only:* This Motion was deposited in the prison system for legal mail on:

the 1st day of ~~June~~ July, 20 13.

Signature of Defendant/Movant

7/6/13
Date Signed

Revised Aug. 2012

*Defendant-Movant's Last Name* JOHNSON

Motion 28 U.S.C. § 2255
Page 6 of 6