RECEIVED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

NOV 03 2014

BILLINGS DIVISION

CLERK, U.S. DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS, MONTANA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff-Respondent, <br><br> VS. <br><br> LASHAWN JERMAINE JOHNSON, <br> Defendant-Petitioner | ) Case No. CR-06-79-BLG-CCL <br> ) <br> ) MOTION FOR REDUCTION OF <br> ) SENTENCE PURSUANT TO § 18 U.S.C <br> ) § 3582(c)(2) <br> ) <br> ) |

COMES NOW, Petitioner LaShawn Jermaine Johnson Pro Se, hereby moves this Honorable Court for a reduction in the sentence imposed on February 13,2012[1] The motion is made pursuant to 18 U.S.C. § 3582(c)(2) and is based upon the Memorandum of Points and Authorities, all Files and Records in this case, and such further argument and evidence as may be presented at a hearing on this motion. In short, it turns upon the new retoractive amendment of Amendment 782.

I.

INTRODUCTION

On February 13,2012, Petitioner LaShawn Jermaine Johnson was sentenced for various drug crimes involving Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(iii), to serve  235 months of imprisonment and 5 years of supervised release. The sentence was imposed under the sentencing guidelines, with a base offense level computed under § 2D1.1 of the guidelines for a cocaine base quanity of [1.5KG]. That base offense offense level- under the guideline in effect at the time was 36. Combined with other guideline factors, it produced a guideline range of 188-235 months. The sentence imposed by the court was 235 months, which

(1)

was the ... leadership
role.

Subsequent to Petitioner's sentencing- on February 13, 2012,
an amendment to § 2D1.1 of the guidelines took effect which,
generally, increased the amount of Cocaine base necessary to
trigger the enhanced-sentencing provisions. Specifically, the
amendment recognized the unreasonable harsh punishments for
individuals sentenced for All Drugs. That amendment specifically,
reduces the base offense level for the [1.5KG] quanity of cocaine
base in Johnson's case by two levels, to 32. See U.S.S.G. § 2D1.1
(c)(3). This amendment was adopted in response to studies which
raise grave doubts about the fairness and rational of drug sentences
incorporated into the sentencing guidelines.

Furthermore, subsequent to the effective date of the amend-
ment to § 2D1.1, the United States Sentencing Commision considered
whether to make the amendment retroactive under the authority
created by 18 U.S.C. § 3582(c)(2). It took that action on July 18,
2014, and voted IN FAVOR of making the recent amendment retroactive,
implementing the amendment effective November 1, 2014. Based under
the 2014 amendment and the statutory authority underlying it,
Petitioner Johnson brings this motion to reduce and/or modify his
sentence pursuant to the provisions under the 2014 amendment.

II.

ARGUMENT

A. PETITIONER'S TOTAL OFFENSE LEVEL SHOULD BE REDUCED FROM 36 TO 34
AND THE RESULTING GUIDELINE RANGE REDUCED FROM 188-235 MONTHS
TO 151-188 MONTHS BASED UNDER THE RETROACTIVE 2014 (782) AMENDMENT

Reposed in this Honorable Court is the jurisdiction and
authority to modify Petitioner's term of imprisonment improved
pursuant to 18 U.S.C. § 3582(c)(2), which provides:...[I]n the
case of a Defendant who has been sentenced to a term of imprison-
ment based on a statutory range that has subsequently been lowered

(2)

by the Sentencing Commission pursuant to 28 U.S.C. 994(o) upon
the motion of the defendant...the court may reduce the term of
imprisonment, after considering the factors set forth in section
3553(a) to the extent that they are applicable, if such reduction
is consistent with applicable policy statements issued by the
Sentencing Commission.

Section 1B1.10 is the guidelines policy statement which
implements 18 U.S.C. § 3582(c)(2), and captioned "Retroactivity
of Amended Guideline Range (Policy Statement)" is compatible with
said Title 18 U.S.C. § 3582(c)(2). Here, Petitioner Johnson,
qualifies as to these as to modification of his sentence and would
have been qualified if "said provisions" had been in effect at the
time he was sentenced under 1B1.10(b) of the Sentencing Guidelines,
it is provided that... In determining whether a reduction in sent-
ence is warranted for a Defendant eligible for consideration under
18 U.S.C. § 3582(c)(2), the court should consider the sentence
that it would have originally imposed had the Guidelines, <u>as
amended</u> been in effect at the time.

In the instant case, Petitioner comes before this court
requesting it to impose a sentence deviating from the Guideline
range in effect when he committed the crime, and re-sentence him
under the new retroactive guideline amendment, implementing
Amendment 782 effective November 1, 2014.

Here, Petitioner committed an offense which involved 1.5KG
of cocaine base. At the time Petitioner committed this crime 21
U.S.C. § 841(b)(1)(A)(iii), the statute in effect required a Ten-
year mandatory minimum sentence for offenses involving 50 grams
or more of cocaine base. The Presentence Report found that the
offense involved 1.5 KG of cocaine base and set the base offense
level at 34.

On July 18, 2014, the Sentencing Commission voted in favor of making Amendment 782 retroactive. The amendment reduces all drug offense levels by two points. Therefore, the 782-amended Drug Quantity table sets, in Johnson's case, the base offense level at 32 for at least 840 grams but less than 2.8. KG of Cocaine Base.

The conundrum before this court is that under the law in effect prior to November 1, 2014, Petitioner faced a Ten-year mandatory minimum sentence or a guideline range of 188-235 months. However, if this Honorable court were to apply, the adjustments made in Amendment 782, Petitioner would still be exposed to a mandatory minimum Ten-year sentence sentence or a guideline range of 151-188 months, based under the adjusted guidelines.

Under the new retroactive guideline amendments of 782, in the present case, if this Court were to exercise its discretion and use the adjusted guidelines , Johnson's base offense level would be lowered by two-levels, resulting in a new total offense level of 34. A total offense level of 34 and a criminal history catagory of I would result in a new advisory resulting guideline imprisonment range of 151-188 month.

Application of 782 to the guidelines, in Petitioner's case, results in a decrease of the Base offense Level from 34 to 32 a decrease in the Total Offense Level from 36 to 34 and a decrease in the resulting guideline from 188-235 months to 151-188 months. The Base offense level 34 for 1.5 KG of cocaine base is amended to a base offense level of 32 of the amendment. The Total Offense level of 34 resulting guideline range of 151-188 months, which the ten-year Statutory Mandatory Minimum under section § 841(b)(1)(A)(iii)

(4)

is amended to "the same" Mandatory Minimum under section 841(b)(1)(A)
(iii).........now, since Petitioner does still have the threshold
amount necessary to trigger the Ten-year statutory mandatory mini-
mum under section § 841(b)(1)(A)(iii), under the new retroactive
guideline of Amendment 782.

    Petitioner was previously sentenced at the high end of the
advisory guideline range of Counts I, II, III, and VII. However,
Petitioner asks this honorable court to consider in entering a
sentence at the "Low end" under the reduced guideline. If this
court chose to do so, the new sentence could be as low as 151
months, a 84 month reduction. Therefore, because Petitioner
Johnson has been sentenced upon a sentencing range which has been
subsequently lowered and made retroactive by the U.S. Sentencing
Commission, Petitioner moves this Honorable Court to reduce the
term of imprisonment in accordance with 18 U.S.C. § 3582(c)(2),
and/or the new retroactive guideline amendment implementing
Amendment 782 effective November 1, 2014, on Counts I, II, II, and
VII. It follows from the decision in the proceeding that the 2014
amendment justifies a reduction of the Total Offense level 36 to
34 and a reduction of the resulting guideline range of 188-235
months to 151-188 months, and that the circumstances are sufficient
compelling to justify a deviation from the sentencing guidelines
in favor of the 2014 782 amendment.

    Therefore, the only issue is whether Petitioner shoud still
receive a 188 month sentence under the guideline range 151-188
months, for his 841(b)(1)(B)(iii) conviction. Here, Petitioner
contends that the court in good conscious should not want to
continue to apply the pre-existing and harsher guideline range-

sentence thus arriving at a sentence that Congress and the U.S. Sentencing Commission believes to be totally unfair. Moreover, the continued application of a criminal penalty, as in Johnson's case that fails to serve any legitimate governmental objective would be so arbitrary and irrational that it would violate Petitioner's right to due process.

Based upon the context of the amendment, its title, its preamble, and retroactivity, its quite clear that Congress and the Sentencing Commission does not want Judges to continue to impose harsher guideline sentences after enactment. To now call for its continued application to Johnson's sentence is inconsistent at best and hypocritical at worst.

In short, based on the new retroactive guideline amendments implementing 782 § 2D1.1, the relevant information, and supporting materials, Petitioner asks this Honorable Court to consider in significantly reducing his sentence at the low end of the amended resulting guideline range [151-188] months.

Furthermore, Petitioner urges that his goal is to rehabilitate himself as to enter society upon release as a fit and proper person to pursue a useful and constructive life for himself, his family, and community.

FOOTNOTES

[1] Just to clarify defendant's case background: He was originally sentenced in March,2007 for various drug crimes involving cocaine base and use of a gun under 18 U.S.C. §924(c). For his drug crimes he was sentenced to a total of 360 months with an additional 60 months consecutive for the gun. After an appeal the Ninth Circuit vacated that sentence because of the §924(c) conviction. On re-sentencing after remand from the circuit defendant was sentenced under the 2009 guidelines to 293 months for his drug offenses and 60 consecutive months for the gun for a total of 353months. Then in 2012 under the Fair Sentencing Act Defendant's sentence was reduced to 235 months for his drug offenses and 60 consecutive months for the gun for a total of 295 months. This latter re-sentencing prison time is the subject of this motion. The 295

FOOTNOTES CONT.

months for the drugs  was the top end of the then applicable
guideline range of 188-235 months.


## JUDICIAL NOTICE

   Petitioner asks this court to take Judicial Notice of his

rehabilitation Efforts. See Attachment (Educational Data Sheet

Programing Accomplishments). Moreover, this court should note

from Petitioner's criminal history, that this was Petitioner's

first offense. A reasonable person-- [as himself]-- if the criminal

law is designed to deter criminal acitvity-- could not anticipate

that the first offense you got involved with is going to amount to

almost 25 years.

## CONCLUSION

   Wherefore, Petitioner whose sentence guideline were hereto

calculated by the court to be 188 to 235 months, here asks this

court to Grant the foregoing motion for relief by sentencing him

at the low end amended guideline range 151 months under the new

retroactive amendment  implementing Anendment 782 effective

November 1, 2014.


                              Respectfully Submitted,


                              LaShawn Jermaine Johnson
                              Reg. #41481-048
                              FCI/Mendota
                              P.O. BOX 9
                              Mendota, CA. 93640

Date: 11/3/14