IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>LASHAWN JERMAINE JOHNSON,<br><br>Defendant/Movant. | Cause No. CR 06-79-BLG-DLC<br><br><br>ORDER |

This case comes before the Court on two motions filed by Defendant Lashawn Jermaine Johnson, a federal prisoner proceeding *pro se*. First, on July 15, 2013, Johnson filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Second, on November 3, 2014, Johnson filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction of his sentence under Amendment 782 to the United States Sentencing Guidelines.

For reasons related to judges' caseloads in light of Amendment 782, this matter was reassigned from United States District Judge Sam E. Haddon to the undersigned.

On May 22, 2014, all but one of Johnson's claims for relief under 28 U.S.C. § 2255 were denied. As to the remaining claim, the United States was directed to expand the record, and Johnson was given an opportunity to respond to the new

1

materials. *See* Order (Doc. 185) at 25 ¶¶ 1-3; Rule 7(c), Rules Governing § 2255 Proceedings. The United States complied with the Order on June 23, 2014, and Johnson responded on July 21, 2014.

Johnson's remaining claim asserts the prosecution failed to disclose that three witnesses – Heather Schutz, Tyrone Jackson, and Ashley Grimm – cooperated with authorities on previous occasions to obtain personal advantages. Mot. § 2255 (Doc. 166) at 9 ¶ K; Br. in Supp. (Doc. 166-1) at 37-38; *see also id.* at 21-22. Because a witness's track record of testifying against others to benefit herself could be useful to defense counsel in impeaching the witness, *see Giglio v. United States*, 405 U.S. 150, 153-55 (1972); *United States v. Schoneberg*, 396 F.3d 1036, 1041-42 (9th Cir. 2005), the United States was required to respond to this claim, *see* Order (Doc. 185) at 9-11.

As to witness Schutz, Johnson asserted his belief that she obtained benefits from cooperating with law enforcement in Las Vegas on matters related to prostitution. The United States' response on that point tends to show she did not. But the Assistant United States Attorney now assigned to the case candidly states that the prosecutor who handled the case at trial did not disclose other information relevant to the jury's assessment of Schutz's credibility.

Schutz's sealed plea agreement was disclosed to the defense two weeks before trial, on or about November 14, 2006. Disclosure of Evidence Receipt at 2

(Doc. 188-1 at 1-3 (unsigned)). The terms of the plea agreement made no promise either as to Schutz's assistance or as to the United States' reciprocation. The agreement simply stated that Schutz could offer information or testimony helpful to the United States, and if she did so, and if the United States found her information sufficiently complete, valuable and timely, then it would make an appropriate motion to reduce her sentence. *See generally* Schutz Plea Agreement (Doc. 188-1 at 12-14).

At trial on November 28, 2006, on direct examination by the United States, the following exchange occurred:

> Prosecutor: Have you been sentenced?
>
> Schutz: Yes.
>
> Prosecutor: The plea agreement which you entered into allows a potential reduction of your sentence; isn't that true?
>
> Schutz: Yes.
>
> . . .
>
> Prosecutor: Is there any preconceived notion as to any potential sentence reduction that may be available to you?
>
> Schutz: (No response.)
>
> Prosecutor: Whether or not you may or may not get a sentence reduction?
>
> Schutz: No.

3

2 Trial Tr. (Doc. 95) at 366:1-5, 366:21-367:1.

In fact, on August 15, 2006, the same prosecutor who asked Schutz these questions and accepted her answers had filed a motion under U.S.S.G. § 5K1.1, seeking to reduce Schutz's sentence in exchange for her grand jury testimony – not against Las Vegas prostitutes, but against Johnson himself. Without the prosecutor's § 5K1.1 motion, Schutz's advisory sentencing guideline range on her drug charge was 188-235 months. Based on the United States' motion, Schutz's sentencing judge, the Honorable Richard F. Cebull, departed downward from the advisory guideline range of 188-235 months and imposed a sentence of 140 months.[1] Statement of Reasons ¶¶ III, VIII (Doc. 188-2 at 18, 22). Moreover, at Schutz's sentencing on August 30, 2006, and within her hearing,[2] the prosecutor said of Schutz that she "looks really good now. . . . but the proof in the pudding is going to be what she's going to do from here on out." Sentencing Tr. (Doc. 32) at 1, 10:17-11:5, *filed under seal in United States v. Schutz*, No. CR 06-34-BLG-RFC (D. Mont. filed Apr. 29, 2008).[3]

All of these facts were known to the United States at the time of Johnson's

---

[1] Schutz pled guilty to one drug count and one count under 18 U.S.C. § 924(c). The § 924(c) sentence was 60 months consecutive to whatever drug sentence was imposed.

[2] Although the sentencing hearing itself was not sealed, Schutz's assistance was discussed in open court, not at sidebar. The transcript was not filed until a year and a half after sentencing, in April 2008, when Schutz filed a motion under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the U.S. Sentencing Guidelines. At that time, it was filed under seal.

[3] The Court may take judicial notice of its own records. *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

trial three months later, in November 2006. None of these facts were disclosed to the jury, to Johnson, or to the judge who presided at Johnson's trial, the Honorable Jack D. Shanstrom. Only the prosecutor knew that Schutz's receipt of personal benefit in exchange for her information and testimony was not bare hope, as the terms of her plea agreement suggested, and was not mere potential, as the prosecutor's questions and Schutz's answers at trial suggested. It was concrete and quantified reality. The prosecutor's concealment of these facts fell short of the level of candor required of prosecutors, *Hayes v. Brown*, 399 F.3d 972, 978 (9th Cir. 2005) (en banc), and expected of those who represent the United States in this Court.

    Because this undisclosed information was both favorable to Johnson and suppressed by the United States, the United States must address the materiality of the undisclosed information. *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009). It must address not just the impact of the information as to Schutz but "the cumulative effect of *all* [exculpatory or impeachment] evidence suppressed by the government," whether Johnson and the Court are, at this moment, aware of it or not. *Kyles v. Whitley*, 514 U.S. 419, 421 (1995) (emphasis added). In other words, the United States must now review all information within its control about the investigation of Johnson's case and about the witnesses presented at Johnson's trial, regardless of whether Johnson has fortuitously identified any other witness

5

about whom favorable information was not disclosed. The prosecution's obligations under *Brady* and *Giglio* are self-executing and have no expiration date.

"Evidence is material when there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)) (internal quotation marks omitted). "A 'reasonable probability' of a different result exists when the government's evidentiary suppression undermines confidence in the outcome of the trial.'" *Id.* (quoting *Kyles*, 514 U.S. at 434) (internal quotation marks omitted). "The question is not whether the defendant would more likely than not have received a different verdict." *Kyles*, 514 U.S. at 434. Nor will it be adequate to show that "after discounting the inculpatory evidence in light of the undisclosed evidence," the remaining evidence was sufficient to support the conviction. *Id.* at 434-35. The test is whether there is a reasonable probability that reasonable doubt would have been retained by a reasonable juror who heard all the evidence and testimony presented at Johnson's trial and who *also* knew of *all* exculpatory and impeachment evidence that was not disclosed by the United States before trial. *See generally Kyles*, 514 U.S. at 441-54.

Application of the materiality test is not a simple matter. *Id.* Johnson has requested the appointment of counsel, *see* Mot. (Doc. 167), and was found

6

financially qualified for appointment of counsel, *see* Order (Doc. 12), *United States v. Johnson*, No. 07-30163 (9th Cir. July 12, 2007). Further, Johnson is entitled to the assistance of counsel with respect to his motion under 18 U.S.C. § 3582(c)(2) and Amendment 782. *See* Standing Order DLC-21 at 3 ¶ 1 (D. Mont. Nov. 17, 2014). As to both matters, the Court finds it is in the interests of justice to appoint counsel to represent Johnson. 18 U.S.C. § 3006A(a)(2)(B).

The motion for sentence reduction, however, will be stayed at this time. The motion under 28 U.S.C. § 2255 will be resolved first.

Accordingly, IT IS HEREBY ORDERED as follows:

1. On or before **January 9, 2015**, the United States must show cause why Johnson's motion under 28 U.S.C. § 2255 should not be granted on the grounds that the prosecution failed to disclose favorable and material exculpatory or impeachment evidence.

2. Johnson's motion for the appointment of counsel (Doc. 167) is GRANTED. The Federal Defenders shall promptly locate conflict-free counsel to represent Johnson on both the motion under 28 U.S.C. § 2255 and the motion under 18 U.S.C. § 3582(c)(2).

3. Counsel shall immediately file a Notice of Appearance on Johnson's behalf. At that time, the Court will issue a formal order of appointment.

4. Ruling on the motion under 18 U.S.C. § 3582(c)(2) is RESERVED, pending resolution of the motion under 28 U.S.C. § 2255.

5. Within 30 days after the United States files its response to this Order, counsel for Johnson may file a reply.

DATED this 1st day of December, 2014.

                                            */s/ Dana L. Christensen*
                                            Dana L. Christensen, Chief Judge
                                            United States District Court

cc:    FDOM