IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Defendant,<br><br>vs.<br><br>LASHAWN JERMAINE JOHNSON,<br><br>Defendant/Plaintiff. | CR 06–79–BLG–DLC<br><br>ORDER |

FILED

JUN 0 3 2015

Clerk, U.S District Court
District Of Montana
Missoula

Defendant/Plaintiff LaShawn Jermaine Johnson has filed a motion for return of property under Federal Rule of Criminal Procedure 41(g). Following a jury trial, Johnson was convicted of five drug related charges on November 29, 2006. In addition, based on the evidence presented at trial and pursuant to 21 U.S.C. § 853, the Court ordered the forfeiture of one 1963 Chevrolet Impala, VIN 31867L186574. As part of the judgment of conviction, Johnson was ordered to pay a $500.00 special assessment. The Court entered a final order of forfeiture of the Chevrolet Impala on November 28, 2007.

Johnson subsequently filed a petition for writ of habeas corpus under 28 U.S.C. § 2255, arguing, *inter alia*, that his convictions should be set aside due to *Brady/Giglio* violations. The government conceded that *Brady/Giglio* violations

1

had occurred and Johnson's sentence was vacated on February 12, 2015. Johnson now seeks the return of the $500.00 special assessment and the Chevrolet Impala or the funds obtained through its sale. The Court grants the motion for the return of the $500.00 special assessment and orders the government to file an answer to the motion with respect to the Chevrolet Impala.

A motion filed under Fed. R. Crim. P. 41(g) after criminal proceedings have concluded invokes the district court's equitable jurisdiction. Procedurally, it is treated as if it is a civil complaint. *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008); *United States v. Ritchie*, 342 F.3d 903, 906-07 (9th Cir. 2003); *United States v. Marolf*, 173 F.3d 1213, 1216 (9th Cir. 1999); *United States v. Martinson*, 809 F.2d 1364, 1366-67 (9th Cir. 1987). The United States must file an Answer with respect to the motion for return of the Chevrolet Impala.

IT IS ORDERED that:

1. The Clerk of Court shall return to Johnson the $500.00 special assessment. *United States v. Hayes*, 385 F.3d 1226, 1229 (9th Cir. 2004).

2. With respect to the Chevrolet Impala, the United States must file and conventionally serve on Johnson an Answer or a motion for summary judgment within 21 days of the filing date of this Order. If a summary judgment motion is filed, the United States must comply with *Rand v. Rowland*, 154 F.3d 952 (9th Cir.

had occurred and Johnson's sentence was vacated on February 12, 2015. Johnson now seeks the return of the $500.00 special assessment and the Chevrolet Impala or the funds obtained through its sale. The Court grants the motion for the return of the $500.00 special assessment and orders the government to file an answer to the motion with respect to the Chevrolet Impala.

A motion filed under Fed. R. Crim. P. 41(g) after criminal proceedings have concluded invokes the district court's equitable jurisdiction. Procedurally, it is treated as if it is a civil complaint. *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008); *United States v. Ritchie*, 342 F.3d 903, 906-07 (9th Cir. 2003); *United States v. Marolf*, 173 F.3d 1213, 1216 (9th Cir. 1999); *United States v. Martinson*, 809 F.2d 1364, 1366-67 (9th Cir. 1987). The United States must file an Answer with respect to the motion for return of the Chevrolet Impala.

IT IS ORDERED that:

1. The Clerk of Court shall return to Johnson the $500.00 special assessment. *United States v. Hayes*, 385 F.3d 1226, 1229 (9th Cir. 2004).

2. With respect to the Chevrolet Impala, the United States must file and conventionally serve on Johnson an Answer or a motion for summary judgment within 21 days of the filing date of this Order. If a summary judgment motion is filed, the United States must comply with *Rand v. Rowland*, 154 F.3d 952 (9th Cir.

1998) (en banc), and D. Mont. L.R. 56.2.

3. If the United States files a motion for summary judgment, Johnson may respond to the motion within twenty-one days of its filing. The United States may file a reply within 14 days of the filing of Johnson's response.

3. The Clerk of Court has opened a civil file for administrative purposes only. The parties may not file in the civil case.

DATED this 3rd day of June 2015.

Dana L. Christensen, Chief Judge
United States District Court